UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE COAR
MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 0195 |
| v. | ) | Violation: Title 18, United States |
| VICTOR STURMAN | ) | Code, Sections 1343 and 1346 |

FILED
MAR 04 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

   a. BP Amoco ("BP") was a New York corporation with offices located in Chicago, Illinois and Warrenville, Illinois. In 1998, BP was created out of the merger of British Petroleum P.L.C., a United Kingdom corporation, and Amoco Corporation, a Delaware corporation.

   b. Defendant Victor STURMAN ("STURMAN") was an employee of BP. STURMAN was the Comptroller for Amoco Corporation and then BP from 1992 until he retired in 2004. STURMAN was originally hired by Amoco in 1966 and continued to work for the company after it merged with British Petroleum. As the Comptroller, STURMAN was responsible for capital investment accounting for the company throughout the Western Hemisphere, including budgeting for, approving and accounting for property acquisitions, renovations and management. In addition, STURMAN had authority on his own to approve the payment of certain invoices.

   c. S & S Design Company ("S&S Design") was a fictitious architectural design and engineering corporation created by Sturman to bill BP for design services that were never rendered. S & S Design did not have an office. Instead, S & S Design had a mailing address of P.O. Box

811561 in Chicago, Illinois. STURMAN opened and maintained the P.O. Box used by S&S Design to receive correspondence and payment of invoices.

2. Beginning in or about January 1992 and continuing thereafter until at least in or about November 2003, in the Northern District of Illinois, Eastern Division and elsewhere,

### VICTOR STURMAN,

defendant herein, along with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud BP of money, property and its intangible right of honest services, and to obtain money and property from BP by means of materially false and fraudulent pretenses, representations, promises and omissions, in connection with the invoices submitted by S & S Design and paid by BP. This scheme is further described below.

3. It was part of the scheme that in 1992, STURMAN opened a post office box in the name of S & S Design in order to receive payment for invoices billing BP for architectural and engineering work that was never requested, approved or performed.

4. It was further part of the scheme that STURMAN would prepare S&S Design invoices for submission to Amoco Corporation and then BP for architectural design and engineering services that had not been commissioned or rendered. STURMAN would then send the fraudulent invoices by mail to Amoco or BP for payment. For example, on or about January 21, 2003, STURMAN sent a false invoice (#010704) for $49,031.25 from S&S Design to Amoco Properties, Inc., 28301 Ferry Road, Warrenville, Illinois 60555. The invoice purported to be for "Architectural Services rendered to date for the 702 BLDG. complex for the restacking of floor 1-3." In addition, on or about August 12, 2003, Sturman sent another false invoice (#90018) for $50,775.50 from S&S Design to Amoco Properties, Inc., 4101 Winfield Road, Warrenville, Illinois 60555. That invoice purported to be for

"Additional Architectural Services rendered for the Denver Office Bldg. located at 1670 Broadway for the BP Oil Stream restack to consolidate floor 4."

5. It was further part of the scheme that after an invoice from S & S Design was received by Amoco or BP, STURMAN would use his authority as Comptroller to authorize payment of the invoice even though he knew that no services had been rendered and the invoice was fraudulent. STURMAN would direct his assistant, INDIVIDUAL A, to prepare a check request form so that a check would be prepared to pay the invoice. STURMAN would provide information to INDIVIDUAL A about the internal billing code that should be used to charge the work to a particular division of BP. Once INDIVIDUAL A had prepared the check request form, STURMAN would sign and date the form authorizing payment of the invoice. INDIVIDUAL A would then send the check request form via facsimile from Warrenville, Illinois to BP's check processing center in Tulsa, Oklahoma.

6. It was further part of the scheme that defendant used the United States mail, commercial interstate couriers and the interstate wires to execute the scheme. For example, STURMAN had his assistant send check requests for payment of invoices to others by interstate facsimile. Payment from BP was made by means of interstate wire transfers of funds and delivery of checks by commercial interstate carriers. In addition, STURMAN sent invoices from S & S Design using the United States mail.

7. It was further part of the scheme that defendant did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purpose of those acts, beyond those acts of concealment set forth above.

8. Through the foregoing means, STURMAN defrauded BP of approximately $3,000,000 in the form of payments made on fraudulent S&S Design invoices, prepared, submitted, approved and processed by STURMAN, which proceeds STURMAN then converted to his personal use and benefit.

9. On or about March 6, 2003, at Warrenville, in the Northern District of Illinois, Eastern Division,

VICTOR STURMAN,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Warrenville, Illinois, to Tulsa, Oklahoma, by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission of a check request form for payment of Invoice #010704 from S&S Design in the amount of $49,031.25;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this Indictment as though fully set forth herein.

2. On or about June 16, 2003, at Warrenville, in the Northern District of Illinois, Eastern Division,

### VICTOR STURMAN,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Warrenville, Illinois, to Tulsa, Oklahoma, by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission of a check request form for payment of Invoice #30060 from S&S Design in the amount of $48,740.25;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this Indictment as though fully set forth herein.

2. On or about September 18, 2003, at Warrenville, in the Northern District of Illinois, Eastern Division,

### VICTOR STURMAN,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Warrenville, Illinois, to Tulsa, Oklahoma, by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission of a check request form for payment of Invoice #90018 from S&S Design in the amount of $50,775;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1. The allegations contained in Counts One through Three of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 1343 and 1346, as alleged in the foregoing Indictment,

VICTOR STURMAN

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

The Residence located at 1330 45th Avenue, Kenosha, Wisconsin.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    (a)    Cannot be located upon the exercise of due diligence;

    (b)    Has been transferred or sold to, or deposited with, a third party;

    (c)    Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY